AMY, J.,
dissenting.
hi respectfully dissent from the majority opinion as I would affirm the trial court’s judgment. In my opinion, the record supports a determination that the State produced clear and convincing evidence of grounds for termination under La.Ch.Code art. 1015(4) and/or (5).
With regard to La.Ch.Code art. 1015(4), the father’s testimony, alone, reveals that he did not make significant contributions to the child’s care and support for at least a consecutive six-month period before the petition for termination was filed. The father explained that, although he had income, he made no financial contributions. Instead, he admitted to only to a single $50 contribution submitted the week before the hearing. I find no evidence regarding the father’s circumstances so compelling as to undermine the trial court’s decision in this point.
As for the alternate ground of La.Ch. Code art. 1015(5), I believe that the trial court could have permissibly concluded that the father did not substantially comply with the case plan. Notably, the father did not maintain stable housing, did not complete certain domestic violence / anger management requirements, and did not tend to that component of his case plan addressing substance abuse. In fact, he tested positive for marijuana at one point and did not complete another test arranged by the case worker. Neither did he complete an initial substance abuse evaluation.
Obviously, .1 recognize the majority’s concern that there be an appropriate underlying rationale for the substance abuse and domestic abuse related conditions |2of the case plan. However, the case plan and its various components were reviewed by the trial court at the time they were approved. That issue is not now at issue on this appeal. Also, the record does, in fact, contain some background information on those requirements of the case plan questioned by the majority. Particularly, it reveals that the father was in a relationship with a substance abuser and, as indicated in the affidavit in support of the instanter order, the child’s mother had been “arrested for domestic abuse on her husband.” Thus, I see no need to revisit the necessity of each component of the case plan.
Further, I find the father’s past history supports a conclusion that there is a lack of any reasonable expectation of significant improvement in his conduct in the future. See La.Ch.Code art. 1036(D)(3). Simply, the father failed to comply with the case plan and, only in the days before the hearing, did he begin representing an intent to prospectively satisfy those obligations. The trial court acted within its fact finding role in rejecting that representation in light of the father’s pattern of conduct.
Finally, I believe that the record supports the conclusion that termination of parental rights is in the child’s best interests. As recognized by the trial court, the child is in a secure placement. Also, the case worker explained that the foster parents are interested in pursuing adoption of the child.
For these reasons, I would affirm the trial court judgment.